# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | **SONYA LAVELLE ELIZABETH  PARRISH,** | ) |
| | | ) |
| | **Plaintiff,** | ) |
| **v.** | | )     **CIV-23-1164-F** |
| | | ) |
| 1. | **PALFINGER USA, LLC,** | ) |
| 2. | **EQUIPMENT TECHNOLOGY, L.L.C., and** | ) |
| 3. | **WHYTNE YATES,** | ) |
| | | )     **JURY TRIAL DEMANDED** |
| | **Defendants.** | )     **ATTORNEY'S LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Sonya Lavelle Elizabeth Parrish, and for her Complaint against the Defendants alleges and states as follows:

## PARTIES

1.      Plaintiff, Sonya Lavelle Elizabeth Parish is an adult female, residing in Oklahoma County, Oklahoma.

2.      Defendants are:

a.      Palfinger USA, LLC, an entity doing business in and around Oklahoma County, Oklahoma;

b.      Equipment Technology, L.L.C., an entity doing business in and around Oklahoma County, Oklahoma (collectively "Defendant entities"); and

c.      Whytne Yates, an individual who at all relevant times hereto was

1

employed in Human Resources with Defendant entities.

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with Defendant entities and is based on the following claims: (a) race discrimination, racial harassment, the creation of a racially hostile work environment, and retaliation in violation of 42 U.S.C. § 1981; (b) race discrimination, racial harassment, the creation of a racially hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964; (c) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (d) gender discrimination, sexual harassment, the creation of a sexually hostile work environment, pay discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; (e) violations of the Equal Pay Act;  (f) tortious interference with a contractual/employment relationship; and (g) tortious interference with a prospective business advantage.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 20, 2023. Plaintiff subsequently received a right to sue letter from the EEOC dated on or about November 3,

2023. Plaintiff has timely filed this action within ninety (90) days of her receipt of the notice of right to sue.

6.     All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7.     Plaintiff, a Black female who was born in March 1973, was employed with Defendant entities from on or about October 7, 2015, until her termination on or about March 3, 2023.

8.     Throughout her lengthy period of employment, Plaintiff was a satisfactory employee and received positive feedback on her performance.

9.     Despite this, Plaintiff was terminated on or about March 3, 2023 by Whytne Yates, Human Resources (who is White).

10.     In or around May 2021, Plaintiff began being subjected to pervasive and severe, unwelcome, sexual comments from her co-worker, Sixto (last name unknown), who is a Hispanic male.

11.     For instance, Sixto told Plaintiff that he had dreams about her in a sexual manner. He made humping gestures toward Plaintiff and made squeezing gestures toward her breasts.

12.     He also told her to tell her minor daughter that he said hello and that he likes her daughter.

13.   He made sexual gestures toward Plaintiff and another female co-worker, grabbing and pointing at his genitals and pointing down at Plaintiff's and the female co-worker's pelvis.

14.   At the time, Plaintiff was the only Black female in her department, and the majority of the individuals she worked with were Hispanic males. Often, they would speak in Spanish and point at Plaintiff.

15.   In or around October/November of 2021, Plaintiff reported the behavior to Yates in HR, who said she would investigate.  However, no investigation was done.

16.   Instead, Plaintiff was forced to move to a different area of the warehouse in or around November 2021.

17.   In contrast, Sixto was not reprimanded or moved despite his egregious misconduct.

18.   On or about November 5, 2021, Yates issued a write-up to Plaintiff allegedly for using inappropriate language toward a co-worker, Michael (last name unknown), who is significantly younger than Plaintiff and Hispanic.

19.   Michael had called Plaintiff a "ho ass" and, in response, Plaintiff said he was one too (without calling him the words).  Michael, however, was not written up.

20.   Additionally, in or around November 2021, Michael and Anthony (last name unknown)(a significantly younger Hispanic male) were putting trash in Plaintiff's locker and taking and hiding her tools from her.

21.   They also called Plaintiff a "monkey" on numerous occasions.

22.    On or about November 16, 2021, Plaintiff reported such behavior to Yates, but her complaints were again ignored.

23.    In or around December 2022, Plaintiff learned that other non-Black and/or male counterparts made more money per hour than her, despite her lengthy tenure and good work performance.  That is, Plaintiff performed equal work on jobs requiring equal skill, effort and responsibility as her non-Black and/or male co-workers, yet she was paid less wages than such individuals.

24.    In or around December 2022, Plaintiff complained to Yates and Production Supervisor Travis Morris (a significantly younger White male) about the ongoing issues with her employment, including race issues and pay issues.  However, again, nothing was done in response.

25.    On or about January 24, 2023, Plaintiff, Toya Eleams, and Kay (last name unknown), (Black females), complained to Yates about employees who are not Black not fulfilling their job duties.

26.    After Plaintiff, Eleams, and Kay complained to Yates, Production Manager Chance Crackle (a significantly younger White male), Supervisor of Final Body Ryan (last name unknown) (White male), and Welding Supervisor Zach (last name unknown) (White male) stared and watched them, trying to intimidate them.

27.    Crackle also yelled at Plaintiff during a meeting, yelling, "do you understand?" and told her to be quiet.

28.    On or about January 30, 2023, Yates wrote Plaintiff up for allegedly not

clocking out and for taking pictures of her co-workers.

29.     On or about February 13, 2023, Yates accused Plaintiff of throwing a paint lid at a co-worker (which was not true).  Yates put Plaintiff on unpaid suspension and told her not to come back until she called Plaintiff.

30.     On or about February 20, 2023, Yates told Plaintiff she could return to work.

31.     On or about February 21, 2023, when Plaintiff returned to work, Yates issued further discipline to Plaintiff allegedly for being rude to Yates on or about February 13, 2023.  However, such allegation is false.

32.     On or about February 22-24, 2023, Plaintiff was off work on Paid Time Off ("PTO").

33.     On or about February 23, 2023, someone allegedly clocked Plaintiff in at work (while she was not at work and on PTO).

34.     On or about Monday, February 27, 2023, when Plaintiff returned to work, she complained to Yates about the difference in treatment, specifically that she was disciplined, while White males engaged in more egregious conduct and were not disciplined.

35.     For instance, in or around February 2023, two significantly younger White males were throwing soda at one another, yet they were not written up.

36.     On or about Thursday, March 2, 2023, Plaintiff arrived at work and began her duties.  A Lead named Kirby (last name unknown) (significantly younger White male) began nitpicking Plaintiff.

37.     Plaintiff told Production Supervisor Morris that she was not feeling well due

to the hostile work environment. She clocked out and this was witnessed by Morris and Kirby (Lead).

38.    Later that day, Yates called Plaintiff and told her that she was not to report back to work on Friday, March 3, 2023, because Yates allegedly heard Plaintiff state that she was "done," and that Plaintiff allegedly did not clock out. Both accusations are false.

39.    On or about Monday, March 6, 2023, Yates called Plaintiff and fired her allegedly due to the events on or about March 2, 2023.  However, these allegations are pretext.

40.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

### COUNT I: 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

41.    This cause of action is asserted against all Defendants.

42.    The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, racial harassment, the creation of a racially hostile work environment, and retaliation.

43.    Plaintiff is entitled to relief for race discrimination because she is Black, she was qualified for her job, she was fired, and her job was not eliminated.

44.    Plaintiff is also entitled to relief for race-based harassment and the creation of a race-based hostile work environment against Defendant entities, as looking at the totality

of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of employment, and the harassment was race-based or stemmed from race-based animus.

45.    Plaintiff is further entitled to relief for retaliation because she engaged in protected opposition to race discrimination, she suffered adverse actions, and a causal link exists between the protected activity and the adverse actions.

46.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

47.    Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II:  Title VII – Race

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

48.    This cause of action is asserted against Defendant entities.

49.    The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of race discrimination, racial harassment, the creation of a racially hostile work environment, and retaliation.

50.    Plaintiff is entitled to relief for race discrimination because she is Black, she was qualified for her job, she was fired, and her job was not eliminated.

51.    Plaintiff is also entitled to relief for race-based harassment and the creation of a race-based hostile work environment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of employment, and the harassment was based on stemmed from discriminatory animus.

52.    Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to race-based discrimination; she suffered adverse actions; and a causal link exists between the protected activity and the adverse actions.

53.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

54.    Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III: ADEA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

55.    This Count goes against Defendant entities.

56.    The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

57.    Plaintiff is entitled to relief under the ADEA because at all relevant times

hereto, Plaintiff was over the age of forty (40), was qualified for her job, was discharged and her job was not eliminated after her termination. And, her termination reason was pretextual.

58. Plaintiff is further entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination; she suffered adverse actions; and a causal link exists between the protected activity and the adverse actions.

59. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is entitled to liquidated damages based on Defendants' willful misconduct.

## COUNT IV: Title VII - Gender

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

60. This Count goes against Defendant entities.

61. The matters alleged above constitute violations of Title VII in the form of gender discrimination, sexual harassment, the creation of a sexually hostile work environment, pay disparity, and retaliation.

62. Plaintiff is entitled to relief under Title VII for gender discrimination because Plaintiff is female; she was qualified for her job; she was terminated; and her job was not eliminated.

63. Plaintiff is also entitled to relief under Title VII for discrimination because Plaintiff is female; she possessed skills, efforts, and responsibilities equal to male employees; and despite these equal skills, efforts and responsibilities, Plaintiff did not receive

comparable wages as that paid by Defendants to the male employees.

64.    Plaintiff is also entitled to relief under Title VII for sexual harassment and the creation of a sexually hostile work environment, as looking at the totality of the circumstances, Plaintiff was subject to conduct of a sexual nature as described hereinabove. Moreover, the conduct was unwelcome; and the conduct was sufficiently severe or pervasive to alter the terms, conditions or privileges of her employment.

65.    Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to sex-based discrimination and harassment; she suffered adverse actions; and a causal link exists between the protected activity and the adverse actions.

66.    As damages, Plaintiff has suffered lost income, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

67.    Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT V: EQUAL PAY ACT (Unequal Wages)

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

68.    This Count goes against all Defendants.

69.    The matters alleged above constitute violations of the Equal Pay Act.

70.    Defendants paid different wages to employees of the opposite sex, i.e., Plaintiff

11

a female, in comparison with her male co-workers.

71.    Plaintiff performed equal work on jobs requiring equal skill, effort, and responsibility as her male co-workers.

72.    Plaintiff's job and those of her similarly-situated co-workers were performed under similar working conditions.

73.    As the direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages and is entitled to her lost income, past and future, and such remedies as the law may allow.  Based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

### COUNT VI: TORTIOUS INTERFERENCE

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

74.    This Count goes against Defendant Yates.

75.    The acts above-described constitute unlawful tortious interference with a contractual/employment relationship. Defendant Yates' actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant entities. Defendant Yates had no justification, excuse, or privilege for such interference.

76.     Defendant Yates knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant entities.

77.     Defendant Yates made the final decision to wrongfully terminate Plaintiff's employment based on the unlawful grounds set forth above.  As such, Defendant Yates

interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant entities.

78. The actions of Defendant Yates were intentional, malicious and wrongful. Defendant Yates were not acting to serve any legitimate or lawful interest of Defendant entities, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

79. Defendant Yates actions, in addition to not being legitimate, were not justified or privileged.

80. As a result, Plaintiff is entitled to all damages allowed by state law. Moreover, because the actions of Defendant Yates were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT VII: INTERFERENCE WITH AN ECONOMIC ADVANTAGE

For her seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

81. This Count goes against Defendant Yates

82. The acts described above constitute unlawful interference with Plaintiff's prospective economic advantage.

83. Plaintiff had a reasonable expectation of profit in his continued employment with Defendant entities.

84. Defendant Yates had knowledge of this relationship and/or expectancy.

85. Defendant Yates intentionally induced or caused a breach of Plaintiff's

13

expectancy.

86.    Such a breach resulted in damage to Plaintiff.

87.    Defendant Yates were involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set out above.  As such, Defendants interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant entities.

88.    The actions of  Defendant Yates were intentional, malicious and wrongful. And, Defendant Yates had no justification, excuse or privilege for their actions.  Defendant Yates were not acting to serve any legitimate or lawful interest of Defendant entities, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

89.    Plaintiff suffered damages as a direct result of the actions of Defendants.  And, such damages was proximately sustained as a direct result of the complained-of interference.

90.    As a result, Plaintiff is entitled to all damages allowed by state law.  Moreover, because the actions of  Defendant Yates were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess actual, compensatory, punitive damages and liquidated damages, back pay and front pay, together with pre- and post-judgment interest, costs, attorney's fees and such other relief under federal and Oklahoma state law as this Court may

deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 20TH DAY OF DECEMBER, 2023.**

**s/Jana B. Leonard**
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA #18922**
**KARINA R. LUECK, OBA #35171**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800        (telephone)**
**(405) 239-3801        (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**
**lueckkr@leonardlaw.net**
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**